UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROTOUCH, L.L.C., et al., | CASE NO. C17-996 MJP |
| Plaintiffs, | ORDER ON MOTION RE: VENUE |
| v. | |
| PAIGE DOYLE, et al., | |
| Defendants. | |

The above-entitled Court, having received and reviewed:

1. Defendants' Motion on Venue (Dkt. No. 21);

2. Plaintiffs' Opposition to Motion on Venue (Dkt. No. 27);

3. Co-Plaintiff 30/10 Weight Loss, LLC's Joinder in Opposition (Dkt. No. 26);

4. Defendants' Reply in Support of Motion on Venue (Dkt. No. 32);

all attached declarations and exhibits; and relevant portions of the record, rules as follows:

IT IS ORDERED that the motion is DENIED.

1 | Defendant Paige Doyle is a Massachusetts resident and the defendant corporate entities
2 | are Massachusetts businesses.  They seek either dismissal of Plaintiffs' Complaint for improper
3 | venue or transfer of the matter to the United States District Court for the District of
4 | Massachusetts.

Transfer of a lawsuit to another jurisdiction requires this Court to find that transfer would be "for the convenience of the parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a).  Factors which the Court may consider in evaluating such a request include:

1. The place where relevant agreements were negotiated or executed;
2. The state most familiar with governing law;
3. The Plaintiffs' choice of forum;
4. The parties' contacts with each forum;
5. The cost of litigation in each forum;
6. The availability of compulsory process to compel unwilling non-party witnesses; and
7. The ease of access to documents and other sources of proof.

Goldiner v. Datex-Ohmeda Cash Balance Plan, Case No. C07-2081RAJ, 2008 WL 11343343, at *1 (W.D. Wash. June 4, 200*)(citation omitted).

The Court finds it beyond question that these factors favor litigation of this lawsuit in this district.  The evidence indicates that Defendant Doyle negotiated the agreement at issue in Washington; that the agreement contained a Washington choice-of-law provision; that the Plaintiffs' chose Washington as their forum; that all parties have had (and continue to have) contacts with this forum; that prior disputes between these parties have been litigated here; and that Plaintiffs have identified adverse or potentially adverse witnesses in this forum who could not be compelled to testify outside of the state.

Venue is proper in this district and Defendants' motion to transfer the case to Massachusetts will be denied.

The clerk is ordered to provide copies of this order to all counsel.

Dated: October 25, 2017.

*[signature]*
Marsha J. Pechman
United States District Judge