THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROTOUCH, L.L.C. and 30/10 WEIGHT LOSS, LLC,

    Plaintiffs,

vs.

PAIGE DOYLE, AWAKEN 180 INC., NEWTON WEIGHTLOSS, LLC, PEABODY WEIGHTLOSS, LLC AND QUINCY WEIGHTLOSS, LLC,

    Defendants.

PAIGE DOYLE, AWAKEN 180 INC., NEWTON WEIGHTLOSS, LLC, PEABODY WEIGHTLOSS, LLC AND QUINCY WEIGHTLOSS, LLC,

    Counterclaimants/Third Party Plaintiffs

vs.

MICROTOUCH, L.L.C. and 30/10 WEIGHT LOSS, LLC,

    Counterclaim Defendants

and

DR. ROCCO NELSON, an individual; and DR. LINDA DEGROOT (and their marital community); and one or more JOHN DOES, currently not known to Third Party Plaintiffs,

    Third Party Defendants

CASE NO. 2:17-cv-00996-MJP

STIPULATED PROTECTIVE ORDER

STIPULATED PROTECTIVE ORDER - 1

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c); this agreement allows the parties to this action and third parties the ability to designate material, in limited and appropriate circumstances as CONFIDENTIAL or "Attorneys' Eyes Only"; does not confer blanket protection on all disclosures or responses to discovery; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles; and it does not presumptively entitle parties to file confidential information under seal.

2. "CONFIDENTIAL" MATERIAL

CONFIDENTIAL material shall include the following documents and tangible things produced or otherwise exchanged:

   a. Competitive business information that the party designating it as CONFIDENTIAL, has taken reasonable steps to maintain as confidential, and which is not otherwise publicly available or reasonably discoverable by lawful means;

   b. Personal information where disclosure of that information would violate a person's privacy; and

   c. Financial information (including but not limited to tax return, financial statement, banking records, point-of-sale records, brokerage records, financial books and records, and electronic data containing financial information).

3. SCOPE

The protections conferred by this agreement cover not only CONFIDENTIAL material (as defined above) or "Attorneys' Eyes Only" material (see Section 7), but also (1) any information

copied or extracted from CONFIDENTIAL material or "Attorneys' Eyes Only"; (2) all copies, excerpts, summaries, or compilations of CONFIDENTIAL or "Attorneys' Eyes Only" material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal CONFIDENTIAL or "Attorneys' Eyes Only" material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. <u>ACCESS TO AND USE OF CONFIDENTIAL MATERIAL</u>

4.1 <u>Basic Principles</u>. A receiving party may use CONFIDENTIAL material that is disclosed or produced by another party or by a non-party in connection with this case only for investigating, prosecuting, defending, or attempting to settle this litigation. CONFIDENTIAL material may be disclosed only to the categories of persons and under the conditions described in this agreement. CONFIDENTIAL material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the designating party, CONFIDENTIAL material may be disclosed only to the following persons.

    (a) the parties to this litigation;

    (b) counsel of record for the parties to this litigation as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (c) the officers, directors, and employees of the parties to this litigation to whom disclosure is reasonably necessary for this litigation;

    (d) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (e) the court, court personnel, and court reporters and their staff;

STIPULATED PROTECTIVE ORDER - 3

(f) independent litigation support services reasonably necessary to assist in this litigation, provided that counsel for the party retaining these services instructs the services not to disclose any CONFIDENTIAL material to third parties and, when appropriate, to return all originals and copies of any CONFIDENTIAL material;

(g) during their depositions, witness (and their counsel, if any) to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal CONFIDENTIAL material must be labeled CONFIDENTIAL by the court reporter and may not be disclosed to anyone except as permitted under this agreement; and

(h) the author or prior recipient of a document containing the CONFIDENTIAL information.

4.3 <u>Filing CONFIDENTIAL Material</u>. Before filing CONFIDENTIAL material or discussing or referencing such material in Court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the CONFIDENTIAL designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the

material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form:</u> (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within twenty (20) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as CONFIDENTIAL. If a party or non-party desires to protect CONFIDENTIAL information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: the producing/designating party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing/designating party, to the extent practicable, shall identify the protected portion(s).

(d) All provisions of this agreement apply whether the confidentiality designation appears as "CONFIDENTIAL" (all capital letters) or "Confidential" (not all capital letters).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the producing/designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without involvement by the Court. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification

must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

      6.3      <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without intervention by the Court, the producing/designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the producing/designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as CONFIDENTIAL until the Court rules on the challenge.

7.     <u>ATTORNEYS' EYES ONLY</u>

      7.1      <u>Mutual Designation</u>. Only if all parties' counsel mutually agree, the parties' counsel may mutually designate specifically-identified material produced in this litigation as "Attorneys' Eyes Only."

      7.2      <u>Disclosure</u>. When material is mutually designated "Attorneys' Eyes Only" by all parties' counsel, unless otherwise ordered by the Court, "Attorneys' Eyes Only" materials may be disclosed only to (a) counsel of record for the parties to this litigation, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation; and (b) the court, court personnel, and court reporters and their staff on a motion under Section 7.3. "Attorneys' Eyes Only" material must be stored and maintained by parties' counsel at a location and in a secure manner that ensures that access is limited to the foregoing persons.

      7.3      <u>Motion Practice</u>. If any party's counsel subsequently desires to remove the previously mutually-agreed "Attorneys' Eyes Only" designation from the material, but another party's counsel or a third party does not agree to the de-designation, and they cannot resolve the dispute without court intervention, then, in accordance with Local Civil Rule 37 and/or Civil Rule 45, as appropriate, the parties and/or third party shall submit the designation challenge by motion

to the court for resolution. The meet-and-confer and certification obligations under Section 6.2 apply to any such motion practice. The parties shall continue to maintain the material in question as "Attorneys' Eyes Only" until the Court rules on the motion.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "Attorneys' Eyes Only," that party must:

    (a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

    (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

    (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

Nothing in this agreement shall be construed as authorizing or encouraging a party receiving an order or subpoena to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed CONFIDENTIAL or "Attorneys' Eyes Only" material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

11. NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must destroy all CONFIDENTIAL and "Attorneys' Eyes Only" material, including all copies, extracts and summaries thereof, unless the parties agree otherwise in writing at the conclusion of this action. The receiving party's counsel shall verify the destruction in a certification to the producing party.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain CONFIDENTIAL or "Attorneys' Eyes Only material.

The confidentiality obligations imposed by this agreement shall remain in effect until a producing/designating party agrees otherwise in writing or a court orders otherwise.

12. MODIFICATION AND NON-ADMISSION

Nothing contained in this agreement, nor any action taken in compliance with it, shall (i) operate as an admission by any party that any particular document or information is, or is not, confidential; or (ii) prejudice in any way the right of any party to seek a court determination of whether particular information should have been, should, or may be disclosed, or if disclosed, whether it should remain subject to the terms of this order. Any party may request the court to

modify or otherwise grant relief from any provision of this order. Nothing in this Order shall operate as an admission by any party that any particular document is, or is not, admissible in evidence at the trial of this action.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated this 15th day of December, 2017.

| *Attorneys for Plaintiffs/Counterclaim-Defendants* MICROTOUCH, L.L.C. and 30/10 WEIGHT LOSS, LLC | *Attorneys for Defendants/Counterclaimants* PAIGE DOYLE, AWAKEN 180 INC., NEWTON WEIGHTLOSS, LLC PEABODY WEIGHTLOSS, LLC QUINCY WEIGHTLOSS, LLC |
|---|---|
| By: */s/ Kim D. Stephens* <br> By: */s/ Janissa A. Strabuk* <br> By: */s/ Noelle L. Chung* <br> TOUSLEY BRAIN STEPHENS PLLC <br> Kim D. Stephens, WSBA #11984 <br> Janissa A. Strabuk, WSBA #21827 <br> Noelle L. Chung, WSBA #51377 <br> kstephens@tousley.com <br> jstrabuk@tousley.com <br> nchung@tousley.com <br> 1700 Seventh Avenue, Suite 2200 <br> Seattle, Washington 98101 <br> Telephone: (206) 682-5600 <br> Fax: (206) 682-2992 <br><br> and <br><br> By: */s/ Bradley P. Thoreson* <br> FOSTER PEPPER PLLC <br> Bradley P. Thoreson, WSBA No. 18190 <br> brad.thoreson@foster.com <br> 1111 Third Avenue, Suite 3000 <br> Seattle, Washington 98101-3299 <br> Telephone: (206) 447-3867 <br> Facsimile: (206) 749-1923 | By: */s/ Howard E. Bundy* <br> BUNDY LAW FIRM PLLC <br> Howard E. Bundy, WSBA #11762 <br> bundy@bundylawfirm.com <br> 5400 Carillon Point <br> Kirkland, Washington 98033 <br> Telephone: (425) 822-7888 <br> Fax: (206) 801-3480 <br><br> and <br><br> WITMER, KARP, WARNER & RYAN LLP <br> Eric H. Karp, BBO #260280 <br> Ari N. Stern, BBO #672442 <br> *Admitted Pro Hac Vice* <br> ekarp@wkwrlaw.com <br> astern@wkwrlaw.com <br> 22 Batterymarch Street <br> Boston, Massachusetts 02109 <br> Telephone: (617) 423-7250 <br> Fax: (617) 423-7251 |

*Attorneys for Third-Party Defendant* DR. LINDA DEGROOT

By: */s/ Kim D. Stephens*

STIPULATED PROTECTIVE ORDER - 10

By: */s/ Janissa A. Strabuk*
By: */s/ Noelle L. Chung*
TOUSLEY BRAIN STEPHENS PLLC
Kim D. Stephens, WSBA #11984
Janissa A. Strabuk, WSBA #21827
Noelle L. Chung, WSBA #51377
kstephens@tousley.com
jstrabuk@tousley.com
nchung@tousley.com
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Telephone: (206) 682-5600
Fax: (206) 682-2992

*Attorneys for Third-Party Defendant*
DR. ROCCO NELSON

By: */s/ Bradley P. Thoreson*
FOSTER PEPPER PLLC
Bradley P. Thoreson, WSBA No. 18190
brad.thoreson@foster.com
1111 Third Avenue, Suite 3000
Seattle, Washington 98101-3299
Telephone: (206) 447-3867
Facsimile: (206) 749-1923

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents or electronically stored information in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: December 19, 2017

_____
Marsha J. Pechman
United States District Judge

STIPULATED PROTECTIVE ORDER - 11

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington in the case of MICROTOUCH, L.L.C., et al. v. PAIGE DOYLE, et al.; Case No.: 2:17-cv-00996-MJP, United States District Court for the Western District of Washington. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____