UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROTOUCH, L.L.C. and 30/10 WEIGHT LOSS, LLC,<br><br>    Plaintiffs,<br><br>vs.<br><br>PAIGE DOYLE, AWAKEN 180 INC., NEWTON WEIGHTLOSS, LLC, PEABODY WEIGHTLOSS, LLC AND QUINCY WEIGHTLOSS, LLC,<br><br>    Defendants.<br><br>PAIGE DOYLE, AWAKEN 180 INC., NEWTON WEIGHTLOSS, LLC, PEABODY WEIGHTLOSS, LLC AND QUINCY WEIGHTLOSS, LLC,<br><br>    Counterclaimants/Third Party Plaintiffs<br><br>vs.<br><br>MICROTOUCH, L.L.C. and 30/10 WEIGHT LOSS, LLC,<br><br>    Counterclaim Defendants<br><br>and<br><br>DR. ROCCO NELSON, an individual; and DR LINDA DEGROOT (and their marital community); and one or more JOHN DOES, currently not known to Third Party Plaintiffs,<br><br>    Third Party Defendants | Case No.: 2:17-cv-00996-MJP<br><br>**AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER** |

**AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND ORDER
(2:17-cv-00996-MJP) - 1**

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.     General Principles**

1.     An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.     The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

**B.     ESI Disclosures**

Within 14 days after the Court issues a Case Scheduling Order, or at a later time if agreed to by the parties, each party shall disclose:

1.     <u>Custodians.</u> The ten custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, the type of the information under his/her control; and the likely sources of their ESI (including, for example, hard drive, laptop, mobile devices, cloud storage, and other cloud sources on or in which such ESI may be stored).

2.     <u>Non-custodial Data Sources.</u> A list of non-custodial data sources (e.g. shared drives, servers, etc.), if any, likely to contain discoverable ESI.

3.     <u>Third-Party Data Sources.</u> A list of third-party data sources, if any, likely to contain discoverable ESI (e.g. third-party email and/or mobile device providers, "cloud" storage, etc.) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4. <u>Inaccessible Data.</u> A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

**C.     Preservation of ESI**

The parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. With respect to preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

2. All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under (C)(3) or (D)(1)-(2) below).

3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

    a. Deleted, slack, fragmented, or other data only accessible by forensics.
    b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.
    c. On-line access data such as temporary internet files, history, cache, cookies, and the like.
    d. Data in metadata fields that are frequently updated automatically, except last-opened dates, last-edited or last-modified dates, and the "last modified by" or "last edited" by metadata fields (see also Section (E)(5)).
    e. Back-up data that are substantially duplicative of data that are more accessible elsewhere.
    f. Server, system or network logs.

g. Data remaining from systems no longer in use that is unintelligible on the systems in use.

h. Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

i. Social media data, except that the parties shall not delete any existing social media accounts for Yelp, Facebook, Twitter, Instagram or Pinterest, and shall preserve those social media accounts' "account history" or "account data" where available (see also Section E(3)(e)).

**D.     Privilege**

1.     With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

2.     Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

3.     Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection, if: (i) such information appears on its face to have been inadvertently produced or (ii) the producing party provides notice within 15 days of discovery by the producing party of the inadvertent production.

**E.     ESI Discovery Procedures**

1.     <u>On-site inspection of electronic media.</u> Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2.     <u>Search methodology.</u>  The parties shall timely attempt to reach agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search terms or computer- or technology-aided methodology. In the absence of agreement on appropriate search terms, or an appropriate computer- or

technology-aided methodology, the following procedures shall apply:

    a. A producing party shall disclose the search terms or queries, if any, and methodology that it proposes to use to locate ESI likely to contain discoverable information. The parties shall meet and confer to attempt to reach an agreement on the producing party's search terms and/or other methodology.

    b. If search terms or queries are used to locate ESI likely to contain discoverable information, a requesting party is entitled to no more than 10 additional terms or queries to be used in connection with further electronic searches absent a showing of good cause or agreement of the parties. The 10 additional terms or queries, if any, must be provided by the requesting party within 14 days of receipt of the producing party's production.

    c. Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. Absent a showing of good cause, each search term or query returning more than 250 megabytes of data are presumed to be overbroad, excluding Microsoft PowerPoint files, image and audio files, and similarly large file types.

    d. The producing party shall search both non-custodial data sources and ESI maintained by the custodians identified above.

3. <u>Format.</u> The parties agree that ESI will be produced to the requesting party in the following formats:

    a. All documents that exist in native formats, with the exception of emails (see Paragraph 3.b. below), including but not limited to Word documents, Excel spreadsheets, PowerPoint presentations, video files, audio files, and similar native formats, will be produced in their original, native, unaltered format. Each native document will be given a unique digital identifier, and the parties will refer to that identifier in discovery and court filings. To the extent that documents produced in native format cannot be rendered or viewed without the use of proprietary software, the parties shall meet and confer to minimize any expense or burden

associated with the review of such documents, including issues that may arise with respect to obtaining access to any such software or operating manuals. If production of a particular document as a native format file would result in the disclosure of information protected by the attorney-client privilege, the work-product doctrine, or that is otherwise protected from discovery, the producing party may object to its production as a native file and produce the document at issue with redactions in searchable PDF files with unique digital identifiers. Wherever possible, the remainder of the document should be produced in native format (for example, Excel spreadsheet portions that need not be redacted).

      b.      All e-mails should be produced in an archival or electronic data package format such as .pst, .ost, .mbox, or similar, in a manner that preserves the relationship between the e-mail and all of its attachments. Any attachments to an e-mail should be produced in the same electronic form in which they were transmitted.. Each email and attachment will be given a unique digital identifier in an accompanying .Bates Stamped PDF document and the parties will refer to that identifier in all proceedings. If production of a particular email in this format would result in the disclosure of information protected by the attorney-client privilege, the work-product doctrine or that is otherwise protected from discovery, the producing party may object to its production in this format and produce the email with redactions in searchable PDF files with unique digital identifiers. Wherever possible, the remainder of the document should be produced in native format (for example, email attachments or portions of email attachments (such as Excel spreadsheet portions) that need not be redacted).

      c.      Documents that exist in PDF format will be produced as searchable PDF files that are Bates numbered, in color when the original is in color.

      d.      Paper documents amenable to being imaged will be produced as searchable PDF files that are Bates numbered, in color when the original is in color. Reasonable efforts shall be made to scan the pages at or near their original size. Physically oversized originals, however, may be reduced provided that such reduction does not obscure any text or otherwise make the

document unreadable. In addition, reducing an image may be necessary to display production numbers and confidentiality designations without obscuring the text. The parties agree not to degrade the searchability of documents as part of the document production process. If a party desires additional information about a particular paper document produced in this form, the Parties will meet and confer regarding the appropriate means to supply that information.

  e. To the extent reasonably possible and subject to the proportionality provisions of the Federal Rules of Civil Procedure, responsive information from Yelp, Facebook, Twitter, Instagram, and Pinterest social media accounts in the possession, custody or control of the parties shall be produced in the following manner: (1) text or picture posts shall be either printed and produced as PDF files or captured by screenshot and produced as JPG files (in color when the original is in color); and (2) audio or video posts shall be produced as audio or video files. The parties shall produce in a manner that identifies the date of the produced post and the social media account it came from. If the parties' social media accounts contained responsive posts in the past that have since been deleted, overwritten or modified, then the parties shall meet and confer to discuss the potential production of that historical information (for example, from a social media account's "account history" or "account data" where available and to the extent possible).

  4. <u>De-duplication.</u> The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party. If a document is de-duplicated, then the metadata field called "OTHERCUSTODIANS" must be provided listing the identities of other custodians who were in possession of the document at the time of collection, but whose copy has been withheld as a duplicate.

  5. <u>Metadata fields.</u> If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced: document type; custodian and duplicate custodians (or, if none, a generalized location); author/from/sender; recipient/to, cc and bcc; title/subject; file name and size; original file path; date and time created, sent, modified and/or received; and hash value.

*For Plaintiffs/Counterclaim-Defendants*
MICROTOUCH, L.L.C. and 30/10 WEIGHT LOSS, LLC

By: */s/ Kim D. Stephens*
By: */s/ Janissa A. Strabuk*
By: */s/ Noelle L. Chung*
TOUSLEY BRAIN STEPHENS PLLC
Kim D. Stephens, WSBA #11984
Janissa A. Strabuk, WSBA #21827
Noelle L. Chung, WSBA #51377
kstephens@tousley.com
jstrabuk@tousley.com
nchung@tousley.com
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Telephone: (206) 682-5600/Fax: (206) 682-2992

And

By: */s/ Bradley P. Thoreson*
FOSTER PEPPER PLLC
Bradley P. Thoreson, WSBA No. 18190
brad.thoreson@foster.com
1111 Third Avenue, Suite 3000
Seattle, Washington 98101-3299
Telephone: (206) 447-3867/Facsimile: (206) 749-1923

*For Third-Party Defendant*
DR. LINDA DEGROOT

By: */s/ Kim D. Stephens*
By: */s/ Janissa A. Strabuk*
By: */s/ Noelle L. Chung*
TOUSLEY BRAIN STEPHENS PLLC
Kim D. Stephens, WSBA #11984
Janissa A. Strabuk, WSBA #21827
Noelle L. Chung, WSBA #51377
kstephens@tousley.com
jstrabuk@tousley.com
nchung@tousley.com
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Telephone: (206) 682-5600/Fax: (206) 682-2992

**AGREEMENT REGARDING DISCOVERY OF**
**ELECTRONICALLY STORED INFORMATION AND ORDER**
**(2:17-cv-00996-MJP) - 8**

*For Third-Party Defendant*
DR. ROCCO NELSON

By: */s/ Bradley P. Thoreson*
FOSTER PEPPER PLLC
Bradley P. Thoreson, WSBA No. 18190
brad.thoreson@foster.com
1111 Third Avenue, Suite 3000
Seattle, Washington 98101-3299
Telephone: (206) 447-3867
Facsimile: (206) 749-1923

*For Defendants/Counterclaimants/Third-Party Plaintiffs*
PAIGE DOYLE, AWAKEN 180 INC.,
NEWTON WEIGHTLOSS, LLC
PEABODY WEIGHTLOSS, LLC
QUINCY WEIGHTLOSS, LLC

By: */s/ Howard E. Bundy*
BUNDY LAW FIRM PLLC
Howard E. Bundy, WSBA #11762
bundy@bundylawfirm.com
5400 Carillon Point
Kirkland, Washington 98033
Telephone: (425) 822-7888
Fax: (206) 801-3480

WITMER, KARP, WARNER & RYAN LLP
Eric H. Karp, BBO #260280
Ari N. Stern, BBO #672442
*Admitted Pro Hac Vice*
ekarp@wkwrlaw.com
astern@wkwrlaw.com
22 Batterymarch Street
Boston, Massachusetts 02109
Telephone: (617) 423-7250
Fax: (617) 423-7251

**AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER (2:17-cv-00996-MJP) - 9**

# ORDER

Based on the foregoing, IT IS SO ORDERED.

DATED this   19th   day of         December         , 2017.

*[signature: Marsha J. Pechman]*

Marsha J. Pechman
United States District Judge

**AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND ORDER
(2:17-cv-00996-MJP) - 10**