UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROTOUCH, L.L.C., et al., | CASE NO. C17-996 MJP |
| Plaintiffs, | ORDER ON MOTION TO QUASH SUBPOENA |
| v. | |
| PAIGE DOYLE, et al., | |
| Defendants. | |

The above-entitled Court, having received and reviewed:

1. Defendants' Motion to Quash Subpoena to Bundy Law Firm (Dkt. No. 76),

2. Plaintiffs' Opposition to Motion to Quash Subpoena to Bundy Law Firm (Dkt. No. 78),

3. Defendants' Reply Brief in Support of Motion to Quash Subpoena to Bundy Law Firm (Dkt. No. 81),

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

IT IS ORDERED that the motion is GRANTED and the subpoena is QUASHED.

In Defendants' Answer to Plaintiffs' First Amended and Supplemental Complaint, an admission was made which included language that Defendant, "based on the general advice of counsel related to preservation of documents," had accessed "documents contained in a Dropbox account" managed by one of the Plaintiffs. (Dkt. No. 56, Answer at ¶ 19.) On the basis of that statement, Plaintiffs served a subpoena *duces tecum* on the Bundy Law Firm, PLLC, seeking the designation of one or more officers to testify on the firm's behalf relative to the above admission. In response, Defendants filed the instant motion, seeking to quash the subpoena.

The attempt to subpoena suffers from two deficiencies. First, Defendants in this case have not claimed that their actions were reasonable because they were so advised by counsel; i.e., they have not asserted an "advice of counsel" defense which would operate as a waiver of the attorney-client privilege. On the contrary, Defendants have indicated that they are willing stipulate that Ms. Doyle will not raise an advice of counsel defense as to any claim regarding accessing the Dropbox accounts. (Dkt. No. 77, Fichter Declaration, Ex. 7.)

Second, there are other requirements which must be satisfied by a party seeking to depose opposing counsel. Among them is the requirement that "no other means exist to obtain the information than to depose opposing counsel." Shelton v. Am. Motors Corp., 805 F.2 1323, 1327 (8th Cir. 1986). "If there are other available sources of information, [the party] should explore those sources first." Ed Tobergte Assoc's Co. v. Russell Brands, LLC, 259 F.R.D. 550, 555 (D.Kan. 2009). Plaintiffs have produced no evidence that they have attempted to obtain this information from other, readily available sources (such as deposing Ms. Doyle).

Until Plaintiffs can satisfy the Court that the Shelton factors have been satisfied, they will not be permitted the extraordinary measure of deposing opposing counsel. The motion to quash the subpoena served on the Bundy Law Firm is GRANTED.

The clerk is ordered to provide copies of this order to all counsel.

Dated: April 4, 2018.

*[signature]*

The Honorable Marsha J. Pechman
United States Senior District Court Judge